Per A. Ramfjord, OSB No. 934024
per.ramfjord@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380

Of Attorneys for Defendants Christopher Cozzone, Bain Capital Double Impact Fund LP, BCIP Double Impact Associates, L.P., and Kitchen Fund LP

Casey M. Nokes, OSB No. 076641
cnokes@cablehuston.com
CABLE HUSTON LLP
1455 SW Broadway, Suite 1500
Portland, OR 97201
Telephone: 503.224.3092

Attorneys for Defendant Sustainable Restaurant Holdings, Inc.

[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KRISTOFOR LOFGREN, an individual,<br><br>        Plaintiff,<br><br>   v.<br><br>CHRISTOPHER COZZONE, an individual; BAIN CAPITAL DOUBLE IMPACT FUND, LP, a Delaware limited partnership; BCIP DOUBLE IMPACT ASSOCIATES, L.P., a Delaware limited partnership; KITCHEN FUND, LP, a Delaware limited partnership; and SUSTAINABLE RESTAURANT HOLDINGS, INC., a Delaware limited liability company with its principal place of business in Oregon,<br><br>        Defendants. | Case No.: 3:20-cv-00784<br><br>**DEFENDANTS' JOINT NOTICE OF REMOVAL**<br><br>(28 U.S.C. § 1334)<br><br>(Oregon Circuit Court, Multnomah County, Case No. 20CV14938) |

Page 1  -  DEFENDANTS' JOINT NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendants Christopher Cozzone, Bain Capital Double Impact Fund LP, BCIP Double Impact Associates, L.P., Kitchen Fund LP, and Sustainable Restaurant Holdings, Inc. ("SRH"), pursuant to 28 U.S.C. §§ 1334, 1446, and 1452, hereby remove the above-captioned case, which was originally filed in the Circuit Court of the State of Oregon for the County of Multnomah, and captioned Case No. 20CV14938, to the United States District Court for the District of Oregon.

This Court has jurisdiction over the dispute pursuant to 28 U.S.C. § 1334(b), as it relates to the Title 11 proceeding filed by SRH on May 12, 2020 in the United States Bankruptcy Court for the District of Delaware (the "Title 11 Proceeding").

## I. BACKGROUND

1. Plaintiff Kristofor Lofgren is the former Chief Executive Officer of SRH, a sustainable seafood restaurant company. SRH's Board of Directors terminated Plaintiff for cause on March 30, 2020 after discovering that he misappropriated $250,000.00 from SRH in violation of his Executive Employment Agreement ("EEA"). Am. Compl., Ex. B, ¶¶ 17, 83-84, 119. In response, Plaintiff brought this action seeking more than $9 million in damages for claims associated with his termination and purported efforts by the non-SRH Defendants to diminish his investment in SRH and/or take control of SRH.

2. On May 12, 2020, SRH filed the Title 11 Proceeding. SRH chose to do so following the outbreak of the COVID-19 pandemic, "which has severely disrupted [SRH's] business operations" and forced "all ten of [SRH's] restaurant locations [to] close[] for normal operations." Decl. of Matthew Park in Supp. of Debtors' First Day Mots. & Apps. ¶ 9, *In re: Sustainable Rest. Holdings, Inc.*, No. 20-11087 (Bankr. D. Del. May 12, 2020), ECF No. 4. SRH commenced the Title 11 Proceeding "to preserve value for its stakeholders, including its employees and creditors,

with the hope of re-starting their operations and re-opening their previously profitable restaurants in the future when the COVID-19 crisis has passed, thus preserving as much future enterprise value as possible." *Id.* ¶ 15.

## II. JURISDICTION AND GROUNDS FOR REMOVAL

3. This Court has jurisdiction over this cause of action pursuant to 28 U.S.C. § 1334(b) because this civil proceeding is related to the Title 11 Proceeding.

4. Section 1334 provides district courts with jurisdiction to hear all civil proceedings related to cases under Title 11, the Bankruptcy Code. 28 U.S.C. § 1334(b). A civil proceeding is "related to" a bankruptcy case if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988) (citing *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)). This standard allows for removal of matters that are directly or indirectly related to the bankruptcy case. *See In re Mann*, 907 F.2d 923, 926 n.4 (9th Cir. 1990) (noting that cases related to a bankruptcy "include[e] nearly every matter directly or indirectly related to the bankruptcy").

5. As an initial matter, Plaintiff's claims against SRH, the debtor, are facially "related to" the Title 11 Proceeding. Given their clear potential financial impact on SRH, there is no question that such claims could conceivably have an effect on its estate being administered in bankruptcy. *See In re Sequoia Vill., LLC*, Nos. 11-64880, 11-06220, 2012 WL 478926, at *2 (D. Or. Feb. 14, 2012) (non-core claims arising under state law "related to" defendant's chapter 11 bankruptcy case).

6. With respect to Plaintiff's claims against the non-SRH Defendants, such claims have a close nexus to the Title 11 Proceeding. In the Amended Complaint, Plaintiff makes several allegations about the non-SRH Defendants' intent to induce SRH to declare bankruptcy, asserting

that they sought to place SRH into bankruptcy or reorganization "to shed the company's shareholders and take over the company for pennies on the dollar," Am. Compl., Ex. B ¶ 20, and that "[t]here [wa]s no justifiable basis to place SRH into bankruptcy [or] restructure the entity," *id.*. at ¶ 122.

7. Plaintiff further alleges that Defendants' wrongful actions towards him by the Non-SRH Defendants were "willful and malicious," as they were meant to force him to acquiesce to their plans for SRH's bankruptcy and/or financial restructuring, *id.* ¶¶ 151, 154, 159, 170. While the non-SRH Defendants strongly dispute these allegations, for purposes of evaluating removal, Plaintiff cannot allege that the circumstances surrounding SRH's bankruptcy support his claims and then dispute that the claims are "related to" the bankruptcy.

8. In addition to the allegations above, Plaintiff also brings derivative claims against the non-SRH Defendants on behalf of SRH. Specifically, Plaintiff, as a shareholder of SRH, claims that the non-SRH Defendants breached their fiduciary duties to SRH by inducing SRH to breach the EEA. Such claims by SRH, the debtor, are the property of its estate and accordingly, are related to its bankruptcy proceeding. *See In re Jones*, 410 B.R. 632, 639 (D. Idaho 2009) (finding that the court had "related to" jurisdiction over debtor's claims pre-dating filing of the bankruptcy petition because they were part of the bankruptcy estate).

9. Lastly, Plaintiff's claims against the non-SRH Defendants are "related to" the Title 11 Proceeding because such defendants have indemnification claims against SRH's bankruptcy estate. On April 22, 2019, SRH entered into an indemnification agreement with Defendant Christopher Cozzone, pursuant to which SRH agreed to provide Mr. Cozzone and Defendants Bain Capital Double Impact Fund, LP, and BCIP Double Impact Associates, LP (the "Bain Entities") with broad indemnification rights. That indemnification agreement applies to Mr. Lofgren's

allegations, and one year later on April 22, 2020, the Bain Entities, and Mr. Cozzone notified SRH of its obligations to provide the Bain Entities and Mr. Cozzone with indemnification. Exhibits C and D.[1] "Where the party has a right to indemnification from the debtor company, a suit against that party is generally 'related to' the bankruptcy proceedings." *In re Wash. Mut., Inc. Sec., Derivative & ERISA Litig.*, Nos. 2:08-md-1919 MJP, C08-387 MJP, 2009 WL 3711614, at *1 (W.D. Wash. Nov. 2, 2009).

10. This action thus satisfies the requirements of bankruptcy "related to" jurisdiction in 28 U.S.C. § 1334(b) and is removable under 28 U.S.C. §1446.

### III. COMPLIANCE WITH OTHER REQUIREMENTS FOR REMOVAL

11. The prerequisites for removal are satisfied. Removal is timely under 28 U.S.C. § 1446(b) because Defendants filed this Notice of Removal within 30 days of the matter becoming removable under 28 U.S.C. § 1334(b). Plaintiff served all Defendants except Christopher Cozzone with a copy of the Summons and Amended Complaint on May 4, 2020,[2] and SRH commenced its Title 11 Proceeding on May 12, 2020. Removal to this Court is proper because the Circuit Court of the State of Oregon for the County of Multnomah is located within the geographic reach of the United States District Court for the District of Oregon. *See* 28 U.S.C. § 1441(a). As required by 28 U.S.C. § 1446(a), Defendants have attached to this Notice of Removal "a copy of all process, pleadings, and orders served upon" them. Specifically, attached are the following documents: (a) the Complaint, Exhibit A; and (b) the Summons and Amended Complaint, Exhibit B. Upon filing

---

[1] SRH also owes indemnification obligations to Bain Capital Double Impact Fund, LP and BCIP Double Impact Associates, LP through a Management Services Agreement entered into between SRH and Bain Capital Double Impact, LP.

[2] Although Plaintiff filed his Original Complaint on April 8, 2020, he never properly served that Complaint on the Defendants. And, to date, Plaintiff has not properly served the Amended Complaint on Mr. Cozzone.

Page 5  -   DEFENDANTS' JOINT NOTICE OF REMOVAL

this Notice of Removal, Defendants will provide written notice to Plaintiff's counsel and will file a Notice of Filing of Notice of Removal (attaching a copy of this Notice) with the Circuit Court of the State of Oregon for the County of Multnomah.  *See* 28 U.S.C. §1446(d).  Lastly, all of the Defendants consent to removal.

WHEREFORE, Defendants respectfully remove this action from the Circuit Court of the State of Oregon for the County of Multnomah, and captioned Case No. 20CV14938, to the United States District Court for the District of Oregon pursuant to 28 U.S.C. §§ 1334, 1446, and 1452.

DATED:  May 13, 2020.

STOEL RIVES LLP

*s/ Per A. Ramfjord*
PER A. RAMFJORD, OSB No. 934024
per.ramfjord@stoel.com
Telephone:  503.224.3380

JORDAN D. WEISS (*pro hac vice pending*)
jweiss@goodwinlaw.com
Goodwin Procter LLP
620 Eighth Avenue
New York, NY 10018
Telephone:  212 459 7227

*Attorneys for Defendants Bain Capital Double Impact Fund LP, BCIP Double Impact Associates, L.P., Christopher Cozzone, Kitchen Fund LP*

DATED:  May 13, 2020.

CABLE HUSTON LLP

*s/ Casey Nokes*
CASEY NOKES, OSB No. 076641
cnokes@cablehuston.com

*Attorneys for Defendant Sustainable Restaurant Holdings, Inc.*

Page 6   -   DEFENDANTS' JOINT NOTICE OF REMOVAL