UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KRISTOFER LOFGREN, and individual, | Case No. 3:20-cv-00784-AC |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| CHRISTOPHER COZZONE, an individual; BAIN CAPITAL DOUBLE IMPACT FUND, LP, a Delaware limited partnership; BCIP DOUBLE IMPACT ASSOCIATES, L.P., a Delaware limited partnership; KITCHEN FUND, LP, a Delaware limited partnership; and SUSTAINABLE RESTAURANT HOLDINGS, INC., a Delaware limited liability company with its principal place of business in Oregon, | |
| Defendants. | |

ACOSTA, Magistrate Judge:

Plaintiff Kristofer Lofgren moves to voluntarily dismiss the instant action without prejudice and without notice to shareholders (Unopposed Mot. Dismiss, ECF No. 16). For the following reasons, Plaintiff's motion is GRANTED.

Page 1 – ORDER OF DISMISSAL

*Background*

On May 1, 2020, Plaintiff filed an Amended Complaint asserting six claims for relief related to his termination as CEO of Defendant Sustainable Restaurant Holdings, Inc., ("SRH"). On May 13, 2020, Defendants removed the action to this court (ECF No. 1). Three of Plaintiff's claims are brought directly against SRH; three are brought as direct claims against Defendants Christopher Cozzone, Bain Capital Double Impact Fund, LP, BCIP Double Impact Associates, LP, and Kitchen Fund, LP (collectively, the "Bain Defendants"); and one claim for breach of fiduciary duty is brought against the Bain Defendants derivatively on behalf of SRH. (Am. Compl., ECF No. 1-1.) On May 12, 2020, SRH filed for bankruptcy in the Bankruptcy Court in the District of Delaware.

On May 18, 2020, the Bain Defendants and SRH jointly moved to transfer venue of this case to the District of Delaware asserting that the legal and factual questions in this case are inextricably intertwined with the bankruptcy proceedings. (Joint Mot. Transfer Venue at 2, ECF No. 5.)

In the instant motion, Plaintiff represents that as part of the bankruptcy proceedings, SRH has obtained contingent approval from the bankruptcy court to accept financing provided by three of the Defendants in this case – Bain Capital Double Impact Fund, BCIP Double Impact Associates, and Kitchen Fund. The financing is subject to a release by SRH of claims against the Bain Defendants that is broad enough to include the derivative claims asserted by Plaintiff in this action. The order approving the release of SRH's claims against the Bain Defendants is subject to challenges by interested parties (including shareholders), which are due to filed next month. Additionally, on June 11, 2020, SRH filed its proposed Chapter 11 Plan in the bankruptcy

Page 2 – ORDER OF DISMISSAL

proceeding. The proposed plan includes releases of claims by and against parties in this action, including discharge of liabilities in favor of SRH and releases of claims in favor of the Bain Defendants. The proposed Chapter 11 Plan is subject to objection and various opt-out rights, and the bankruptcy court is scheduled to consider confirmation of the plan on July 15, 2020. Plaintiff represents that he intends to pursue his claims for severance as to SRH as part of the bankruptcy proceeding and raise objections to any releases of liability as necessary.

On June 22, 2020, Plaintiff filed a Notice of Dismissal of this action against SRH pursuant to Federal Rule of Civil Procedure 41(a)(1). (ECF No. 15.) Concurrently, Plaintiff moved to dismiss this action against the Bain Defendants pursuant to Rule 41(a)(2) (ECF No. 16), and filed a response to Defendants' Joint Motion for Change of Venue, in which he requests that the change of venue motion be denied as moot should this motion to dismiss be granted (Pl.'s Resp., ECF No. 17).

*Discussion*

Pursuant to Rule 41(a)(1), a plaintiff has the right to dismiss an action without a court order where the defendant has not yet served an answer or filed a motion for summary judgment. FED. R. CIV. P. 41(a)(1). Under Rule 41(a)(2), the court must approve a plaintiff's request for dismissal where a defendant will suffer some plain legal prejudice. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). Additionally, Rule 23.1(c) provides that shareholder derivative actions "may be settled, voluntarily dismissed, or compromised only with the court's approval. Notice of a proposed settlement, voluntary dismissal or compromise must be given to shareholders or members in the manner that the court orders." FED. R. CIV. P. 23.1(c). "The notice requirement ensures that 'dismissal of the derivative suit is in the best interests of the corporation and the absent

stockholders.'" *Bushansky v. Armacost*, Case No. 12-cv-01597-JST, 2014 WL 2905143, at *1 (N.D. Cal. June 25, 2014) (quoting *Papilsky v. Berndt*, 466 F.2d 251, 258 (2d Cir. 1972)).

The court finds that dismissal of this action is warranted because the Bain Defendants will not face any plain legal prejudice from dismissal of this action. Plaintiff's current action is in its infancy, while the bankruptcy proceedings are further along. As demonstrated by Defendants' filing of their Joint Motion to Transfer Venue to the Delaware bankruptcy court, the parties recognize that issues posed in this case are inextricably intertwined with the already ongoing bankruptcy litigation.

Additionally, there is little chance of collusion as Plaintiff is not seeking to dismiss the claims with prejudice or as part of a settlement of his claims. Rather, Plaintiff recognizes that the viability of SRH's claims against the Bain Defendants will depend upon the ruling issued in the bankruptcy proceedings, and that pursuing the claims separately in this action is inefficient. Moreover, Plaintiff seeks dismissal without prejudice, and SRH and its other shareholders are free to pursue claims to the extent they are not rendered moot and may challenge the releases SRH has proposed to provide the Bain Defendants in the bankruptcy proceeding.

The court further finds that notice to the shareholders is unwarranted here. Pursuant to Rule 23.1, courts may exercise their discretion to allow parties to "'dispense with the notice requirement in at least three circumstances: [1] when a claim is dismissed after litigation on the merits, [2] when a claim is dismissed because it has become moot, and [3] when absent class members will not be prejudiced by the lack of notice, and the expense of giving notice would be unduly burdensome to the named plaintiff.'" *Stadnicki on Behalf of LendingClub Corp. v. Laplanche*, No. C 16-03072 WHA, 2018 WL 4110553, at *5 (N.D. Cal. Aug. 29, 2018) (quoting

*Bushansky*, 2014 WL 2905143, at *2) (alterations in *Stadnicki*) (granting plaintiff's motion to voluntarily dismiss without notice to shareholders). Here, the absent shareholders' potential claims are at issue in the bankruptcy proceeding. To the extent there is a derivative claim in this case, it is an asset of SRH, and SRH's proposed release of those claims are subject to review by SRH's creditors, shareholders, and bankruptcy trustees. Through such actions, SRH's shareholders will likely receive notice of any potential claims and their dismissal. Therefore, the court finds that Plaintiff is not required to issue notice because the Delaware bankruptcy action adequately protects those shareholders who otherwise might have intervened or sued on their own.

*Conclusion*

Based on the foregoing, Plaintiff's Unopposed Motion to Voluntarily Dismiss all claims against Defendants Christopher Cozzone, Bain Capital Double Impact Fund, LP, BCIP Double Impact Associates, L.P., and Kitchen Fund, LP (ECF No. 16) and without notice to shareholders is GRANTED. All pending motions are DENIED as MOOT. The court acknowledges receipt of Plaintiff's Notice of Dismissal of All Claims against Defendant Restaurant Holdings, Inc. (ECF No. 15.) Therefore, Plaintiff's action is DISMISSED without prejudice.

IT IS SO ORDERED.

DATED this 23rd day of June, 2020.

JOHN V. ACOSTA
United States Magistrate Judge